NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3013

VALERIE PAIGE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: April 6, 2006

_____

Before MICHEL, Chief Judge, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Valerie Paige ("Paige") appeals a final decision of the Merit Systems Protection Board ("Board"), Paige v. Dep't of Veterans Affairs, No. NY-0752-05-0097-I-1 (M.S.P.B. Sept. 14, 2005) ("Final Order"), denying Paige's petition for review of the administrative judge's ("AJ") initial decision dismissing Paige's appeal of her removal by the Department of Veterans Affairs ("agency") from the position of Pharmacy Technician as having been untimely filed without a showing of good cause for delay. Paige v. Dep't of Veterans Affairs, NY-0752-05-0097-I-1 (M.S.P.B. Feb. 16, 2005) ("Initial Decision").

Because the Board's decision denying Paige's petition for review of the AJ's dismissal for untimely filing is not an abuse of discretion, is supported by substantial evidence, and does not otherwise contain reversible error, we affirm.

BACKGROUND

On January 5, 2001, the agency removed Paige from her position as a Pharmacy Technician with the agency's New Jersey Health Care System, East Orange, New Jersey. Prior to her removal, the agency properly notified Paige in a December 19, 2000 decision letter ("the December decision letter") of the time limit and place for filing an appeal to the Board.

Paige filed an appeal with the Board on December 30, 2004. The AJ issued an Acknowledgement Order in which he noted that Paige's appeal appeared untimely filed and ordered her to file evidence and argument to show that her appeal was timely or that good cause existed for the delay. The AJ also issued an Order to Show Cause specifically explaining what evidence was necessary in order to establish good case for delay based on illness. Paige responded to the AJ's orders by presenting medical evidence in the form of statements from Dr. Stuart Strongin, licensed psychologist, and Dr. Rudolph C. Willis, director of a family practice.

In the Initial Decision, the AJ dismissed Paige's appeal as untimely. Slip op. at 10. The AJ considered Paige's evidence purporting to show good cause for her untimeliness and concluded that it did not address the nearly eight-month time period between her letter to the agency on May 5, 2004, and the filing of her appeal to the Board. Id., slip op. at 5-9. The AJ noted that Paige did indicate in a recorded telephonic conference that she was unable to obtain legal representation, but the AJ

concluded that this reason did not justify the length of the delay. Id., slip op. at 9. Finding the nearly eight-month delay excessive, the AJ concluded that Paige had failed to raise a nonfrivolous claim or otherwise establish that her medical conditions "affected" or "impaired" her ability to file an appeal to the Board and dimissed the appeal. Id., slip op. at 9-10. Finding that the AJ made no error in law or regulation, and that no new evidence had been introduced, the Board denied Paige's petition for review and maked the order final. Final Order, slip op. at 1-2.

## DISCUSSION

### A. Standard of Review

This court must affirm a Board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see also Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The burden of establishing reversible error in a Board decision rests upon the petitioner. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

### B. Analysis

On appeal, Paige argues that the AJ failed to consider evidence that alleged actions by the agency directly caused her mental condition, which in turn caused her to delay filing her appeal to the Board.

The Board may grant a waiver for an untimely filing if the appellant can establish that the professed illness affected her ability to file. Stout v. Merit Sys. Prot. Bd., 389 F.3d 1233, 1235 (Fed. Cir. 2004) (citing Lacy v. Dep't of the Navy, 78 M.S.P.R. 434,

437 (1998)). "To establish that an untimely filing was the result of an illness, the party must: (1) Identify the time period during which [s]he suffered from the illness; (2) submit medical evidence showing that [s]he suffered from the alleged illness during that time period; and (3) explain how the illness prevented [her] from timely filing [her] appeal or a request for an extension of time." Lacy, 78 M.S.P.R. at 437.

In rendering its Initial Decision, the AJ considered a report from Dr. Stuart Strongin ("the Strongin report") asserting that Paige had undergone treatment for various psychological conditions since early 2001. Initial Decision, slip op. at 5. The AJ noted that the Strongin report indicated that the cause of these conditions was related, at least in part, to agency actions. Id., slip op. at 6-7. In addition to the Strongin report, the AJ considered a letter from Dr. Rudolph C. Willis, a family doctor who had been treating Paige since 2001 for diabetes, hypertension, stress, and depression. Id., slip op. at 7. The AJ also recognized Paige's arguments that she had been unable to obtain legal counsel in her appeal and that she had sent letters to Congressman Donald M. Payne in 2003 and early 2004 seeking assistance. Id.

As the AJ correctly found, while the evidence explained part of the delay, Paige failed to submit evidence that her psychological conditions prevented her from filing a Board appeal or a request for an extension of time from at least May 5, 2004 until she filed the Board appeal. The AJ found from Paige's letter of May 5, 2004 that she carefully read and understood the December decision letter, which described the proper procedure for appeal. Id., slip op. at 8. Paige's only explanation for the time period after May 5, 2004 was an inability to obtain legal representation, a reason the AJ found insufficient to justify an eight-month delay. Contrary to Paige's argument that the AJ

failed to consider facts surrounding her mental condition, we conclude that the AJ fully considered all of the evidence and that substantial evidence supports the Board's decision.

Because the AJ thoroughly considered all of the evidence and arguments proffered as good cause for the delay in filing, and because no new evidence was offered on the petition for review, the decision of the Board is affirmed.

## COSTS

No costs.